| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X | HEARING DATE: August 14, 2019<br>HEARING TIME: 9:30am<br><br>CHAPTER 13 |
| IN RE: | CASE NO. 19-73995-REG |
| Louis Joseph Paini, | Assigned to:<br>Hon. Robert E. Grossman |
| Debtor.<br>-----------------------------------------------------------X | |

### NOTICE OF MOTION FOR IN-REM RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(4) AND CO-DEBTOR STAY PURSUANT TO 11 U.S.C. § 1301(a) AND/OR IN THE ALTERNATIVE FOR AN ORDER GRANTING RELIEF FROM AUTOMATIC STAY, WITH PREJUDICE

**S I R S:**

**PLEASE TAKE NOTICE**, that upon the Affirmation of Andrew Goldberg, Esq., attorney for Wells Fargo Bank, N.A., a secured creditor herein, dated June 13, 2019, a motion will be made to this Court before the Hon. Robert E. Grossman, Judge of the United States Bankruptcy Court, at the Long Island Federal Courthouse located at 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722, on August 14, 2019, at 9:30, o'clock in the morning of that day or as soon thereafter as counsel can be heard for entry of an Order;

1. Pursuant to 11 U.S.C. § 105(a) and 362(d) granting relief from the automatic stay and pursuant to the relief outlined in 11 U.S.C. § 362(d)(4)(A) and (B) determining that any subsequent filing by any person or entity with an interest in the property located at 31 Milldown Road, Yaphank, NY 11980 (the "Premises"), shall not operate as an automatic stay against Wells Fargo Bank, N.A. (the "Movant"), its successors and/or assigns, right to pursue any and all interest with regard to the Premises for a period of 2 years;

2. Alternatively, pursuant to 11 U.S.C. § 105(a) and 362(d) determining that any future filing by the Debtor, individually, and/or as an officer of any entity and/or any other person or entity claiming an interest in the Premises within one hundred eighty (180) days from the entry of an order lifting the automatic stay, shall not operate as an automatic stay against Movant, its successors and/or assigns;

3. Modifying and Terminating the stay, as against Non-Filing Co-Debtor, Audrey Paini, in effect pursuant to 11 U.S.C. § 1301(a); and

4. Granting Movant such other and further relief as is just and proper under the circumstance of this case.

PLEASE TAKE FURTHER NOTICE that answering and opposing papers, if any, must be served upon the Court and the undersigned no later than seven (7) days before the return date of this Motion.

Dated: Carle Place, New York
June 13, 2019

STEIN, WIENER & ROTH, L.L.P.

_____
BY: ANDREW GOLDBERG, ESQ. (ag 0403)
Attorneys for Wells Fargo Bank, N.A
Office & P.O. Address
One Old Country Road, Suite 113
Carle Place, New York 11514
(516) 742-1212

TO: Michael J. Macco, Esq.
Trustee
2950 Express Drive South, Suite 109
Islandia, NY 11749

Louis Joseph Paini
Pro Se Debtor
31 Milldown Road
Yaphank, NY 11980

Audrey Paini
Non-Filing Co-Debtor
31 Milldown Road
Yaphank, NY 11980

U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza – Room 560
Central Islip, NY 11722-4437

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE:

      Louis Joseph Paini,

                                   Debtor.
------------------------------------------------------------X

CHAPTER 13

CASE NO. 19-73995-REG

AFFIRMATION IN SUPPORT OF MOTION FOR IN-REM RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(4) AND CO-DEBTOR STAY PURSUANT TO 11 U.S.C. § 1301(a) AND/OR IN THE ALTERNATIVE FOR AN ORDER GRANTING RELIEF FROM AUTOMATIC STAY, WITH PREJUDICE

ANDREW GOLDBERG, the undersigned, an attorney duly licensed to practice law in the State of New York and admitted to practice before the courts in the Eastern District of New York, affirms the following under the penalty of perjury:

1.    That I am an associate of the firm of STEIN, WIENER & ROTH, L.L.P., the attorneys for Wells Fargo Bank, N.A., a Secured Creditor of the above referenced Debtor and the Movant (the "Movant") herein and I am fully familiar with the facts and circumstances of this case. I make this Affirmation in Support of Applicant's Motion for an Order pursuant to 11 U.S.C. § 362(d), 362(d)(4) and §1301(c) vacating the automatic stay imposed by virtue of 11 U.S.C. 362.

2.      This is a contested matter brought pursuant to the Federal Rules of Bankruptcy Procedure Rules 4001, 9013 and 9014 and Sections 361, 362(d) of Title 11 of the United State Code (the "Bankruptcy Code"), for an Order: (i) pursuant to Bankruptcy Rule 4001, 11 U.S.C. Sections 105(a) and 362(d) granting relief from the automatic stay and pursuant to the relief outlined in U.S.C. Sections 362(d)(4)(A) and (B) determining that any subsequent filing by any person or entity with an interest in the Premises shall not operate as an automatic stay against Movant's, its successors or assigns, right to proceed with a foreclosure and/or eviction proceeding with regard to the real property known as 31 Milldown Road, Yaphank, NY 11980 ("Premises") for a period of 2 years; (ii) alternatively, pursuant to 11 U.S.C. Sections 105(a) and 362(d) determining that any future filing by the Debtor, individually, and/or as an officer of an entity and/or any other person or entity claiming an interest in the Premises within one hundred eighty (180) days from the entry of the order lifting the automatic stay, shall not operate as automatic stay against Movant, its successors and/or assigns; (iii) modifying and terminating the Co-debtor stay in effect pursuant to 11 U.S.C. § 1301(a), and; (iv) granting Movant such other and further relief as is just and proper.

3.      Movant is the owner of a Note and Mortgage dated May 06, 2003 given by Louis Paini ("Debtor") and Audrey Paini ("Non-Filing Co-Debtor") in the original principal amount of $240,00.00, pledging the premises as security. Copies of the Note, Mortgage and Merger Documents are annexed hereto as Exhibit "A".

4.      Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to the Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

5.      Movant's foreclosure action commenced on or about July 12, 2012, with the filing of a Summons and Complaint, that eventually proceeded to an entered Judgment of Foreclosure and Sale on December 7, 2017. See recorded entered Judgment of Foreclosure and Sale annexed hereto as Exhibit "B".

## BANKRUPTCY BACKGROUND

## THE FIRST BANKRUPTCY FILING

6.      The Debtor and Non-Filing Co-Debtor Audrey Beth Paini, filed the first Bankruptcy Case on May 2, 2017, under Chapter 7 Case No. 8-17-72668-reg in the Eastern District of New York. As a result of this filing, Movant's foreclosure action was placed on hold. Movant filed a Motion for Relief from the Automatic Stay on June 20, 2017, and an Order Granting Relief was entered on September 14, 2017. PACER Docket for Case No. 8-17-72668-reg and Order Granting Relief from the Automatic Stay are annexed hereto as Exhibit "C".

## THE SECOND BANKRUPTCY FILING AND STAY

7.      Following the entry of the Judgment of Foreclosure and Sale, the first foreclosure sale was scheduled for February 21, 2018. A copy of the Notice of Sale annexed hereto as Exhibit "D".

8.      Non-Filing Co-Debtor Audrey Paini filed the second bankruptcy filing under Case No. 8-18-71054-reg in the Eastern District of New York on February 19, 2018, thus cancelling the scheduled foreclosure sale. This case was dismissed by Order on the Chapter 13 Trustee's Motion on July 11, 2018. PACER Docket for Case No. 8-18-71054-reg and Dismissal Order are annexed hereto as Exhibit "E."

9. Following the dismissal of the second consecutive Bankruptcy matter, a second Foreclosure Sale was scheduled for October 3, 2018. A copy of the Notice of Sale annexed hereto as Exhibit "F".

## THE THIRD BANKRUPTCY FILING AND STAY

10. On September 24, 2018, Non-Filing Debtor Audrey Paini filed a second Chapter 13 Bankruptcy Case, and third overall filing, under Case No. 8-18-76432-REG, in the Eastern District of New York, thus cancelling the scheduled foreclosure sale. Non-Filing Debtor requested loss mitigation with Movant, however no agreement was reached. An Order Dismissing Case was subsequently entered by this Court on March 5, 2019 on the Chapter 13 Trustee's Motion to Dismiss. Pacer Docket for Case No. 8-18-76432-REG, Dismissal Order and Loss Mitigation Final Report are annexed hereto as Exhibit "G".

11. Following the dismissal of the third consecutive Bankruptcy matter, a third Foreclosure Sale was scheduled for June 5, 2019. A copy of the Notice of Sale annexed hereto as Exhibit "H".

## THE FOURTH BANKRUPTCY FILING AND STAY

12. On June 3, 2019, Debtor Louis Joseph Paini, filed a third Chapter 13 Bankruptcy Case, and fourth overall filing, under Case No. 8-19-73995-REG, in the Eastern District of New York, thus cancelling the scheduled foreclosure sale. PACER Docket for Case No. 8-19-73995-REG is annexed hereto as Exhibit "I".

13.    As required by EDNY Administrative Order No. 533, the completed Motion for Relief Worksheet (the "Worksheet"), is annexed hereto as Exhibit "J". According to the worksheet, no post-petition payments have been made. Moreover, according to the Movant, the loan is contractually due for November 12, 2009.

## IN REM RELIEF FROM THE AUTOMATIC STAY SHOULD BE GRANTED PURSUANT TO 11 U.S.C. SECTION 362(d)(4)

14.    It is based on the foregoing facts that Movant asks this Court in accordance with 11 U.S.C. Sections 105(a) and 362(d) to grant relief from the automatic stay for cause and determine pursuant to U.S.C. Sections 362(d)(4)(A) and (B) that the instant filing was part of a scheme to delay, hinder or defraud creditors that involved multiple bankruptcy filings and order to show cause.

15.    This Court addressed the issue of the standard of proof necessary to obtain *in rem* relief. *In re Lemma* (394 B.B. 315 (Bank. E.D.N.Y. 2008). In that case, the mortgagee requested in rem relief under 362(d)(4) based on multiple filings. The Court concluded that the mortgagee was not entitled to *in rem* relief and denied its application. The Court's reasoning was that the mortgagee, as the party seeking in rem relief, had the burden of proving that the current filing in that case was part of a scheme; that the scheme involved that transfer of real property, or multiple bankruptcy filings; and that the object of the scheme was to hinder, delay and defraud the mortgagee. The mortgagee in that case was unable to provide the Court with any evidence, other than the fact that the mortgagors filed three petitions. Therefore, multiple filings, alone, are not adequate to find intent to hinder, delay or defraud.

16. Subsequent to this decision, the Honorable Judge Alan S. Trust wrote three decisions discussing the applicability of 11 U.S.C. Sections 362(d)(4). *In re Montavlo* (Bnkr. EDNY 2009, 09-72774), *In re Blair* (Bnkr. EDNY 2009, Case No., 09-76150-ast) and *In re Smith* (Bnkr. EDNY 2009, Case No. 09-77562-ast), All three cases had virtually identical fact patterns where co-mortgagors took turns filing Chapter 7/13 petitions over a period of years. In each case, this Court found that the filings occurred shortly before significant events affecting those concerned properties were scheduled. This Court found that the timing of the filings in each of the filings and the lack of any good faith in prosecuting the cases allow it to draw a permissible inference that a scheme to delay, hinder and defraud the creditor was present.

17. As set forth in detail above, Debtor and Non-Filing Co-Debtor have repeatedly filed bankruptcy petitions, the three most recent cases being filed shortly before scheduled foreclosure sales. The Debtor and Non-Filing Co-Debtor's actions clearly exemplify the intent to delay, hinder and defraud Movant as contemplated by 11 U.S.C. Sections 362(d)(4).

18. Based upon the foregoing, Movant respectfully requests an Order vacating the automatic stay as to the Movant pursuant to 11 U.S.C. Sections 362(d)(1) and that the automatic stay be modified pursuant to 11 U.S.C. § 1301(a) as against the Non-Filing Co-Debtor, and further requests pursuant to U.S.C. Sections 362(d)(4)(A) and (B), than any future or subsequent bankruptcy petition filed by or against any person or entity with an interest in the property shall not create or impose an automatic stay as to Movant, its successors and/or assigns, with regard to the Premises for a period of 2 years from the entry of the proposed Order, except that a debtor in a subsequent case may more for relief from such order based upon changed circumstances or good cause shown after noticed and a hearing.

## RELIEF FROM THE AUTOMATIC STAY SHOULD BE GRANTED WITH PREJUDICE

19.     In the alternative, if this Court finds that the fact pattern outlined herein is not the kind of conduct that would meet the pre-requisites as outlined in to 11 U.S.C. Sections 362(d)(4), then it is respectfully submitted that based on the foregoing facts that Movant asks this Court not only to modify and terminate the automatic stay, but, in accordance with 11 U.S.C. Sections 105(a), order that in the even any future filing under Title 11 of the U.S. Code by the Debtor and/or Non-Filing Co-Debtor and or any other person or entity with an interest in the Premises within a period of 180 days form the entry of the proposed Order shall not operate as an automatic stay against Movant.

20.     As set forth in detail above, repeat bankruptcy filings have become a common tactic to keep Movant from realizing its rights in the Premises. The Debtor and Non-Filing Co-Obligor/Co-Mortgagor's past and present behavior exemplifies the likelihood that they will continue to be repeat customers to this Court. Such behavior is the very type of conduct that the *Montalvo, Blair* and *Smith* decisions seek to prevent.

21.     Therefore, it is respectfully requested that the Court enter an order which provides that any future bankruptcy filings by the Debtor and/or Non-Filing Co-Debtor and/or any other person or entity with an interest in the Premises shall not operate as an automatic stay against Movant.

**WHEREFORE**, it is respectfully requested that the Court issue an Order vacating the automatic stay as the Movant pursuant to 11 U.S.C. Sections 362(d) with the additional relief pursuant to 11 U.S.C. Sections 362(d)(4), wherein any future or subsequent bankruptcy petition filed by or against any person or entity with an interest in the property shall not create or impose an automatic stay as to Movant is successors and/or assigns with regard to the Premises for a period of 2 years from the entry of the Order, except that the debtor in a subsequent case may move for relief from such order based upon changed circumstances or good cause shown after notice and a hearing alternatively, grant relief with prejudice; modifying and terminating the Non-Filing Co-Debtor stay in effect pursuant to 11 U.S.C. § 1301(a) and for such other and further relief as this court may deem just and proper.

Dated: Carle Place, New York
June 13, 2019

STEIN, WIENER & ROTH, LLP.

_____
ANDREW GOLDBERG, ESQ. (ag 0403)
Attorneys for Wells Fargo Bank, N.A.
Office & P.O. Address
One Old Country Road, Suite 113
Carle Place, New York 11514
(516) 742-1212

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    CHAPTER 13

IN RE:    CASE NO. 19-73995-REG

      Louis Joseph Paini,

                        Debtor.
-----------------------------------------------------------X

===============================================================

**NOTICE OF MOTION FOR IN-REM RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(4) AND CO-DEBTOR STAY PURSUANT TO 11 U.S.C. § 1301(a) AND/OR IN THE ALTERNATIVE FOR AN ORDER GRANTING RELIEF FROM AUTOMATIC STAY, WITH PREJUDICE**

===============================================================

                        STEIN, WIENER & ROTH, L.L.P.
                        Attorneys for Wells Fargo Bank, N.A.
                        Office & P.O. Address
                        One Old Country Road, Suite 113
                        Carle Place, New York 11514
                        (516) 742-1212
                        63127/WELLS